# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52400-7-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| STACEY BRIANNA ALLEN, | |
| Appellant. | |

MAXA, J. – Stacey Allen appeals her two convictions of first degree child molestation, which involved offenses that she committed when she was a juvenile, and her sentence. We hold that (1) the trial court did not abuse its discretion in denying Allen's motion for a mistrial after the victim made a statement referring to Allen's sexual orientation, but (2) the trial court erred by failing to meaningfully consider the mitigating factors of Allen's youth at sentencing. Therefore, we affirm Allen's convictions, but we remand for a new sentencing hearing.

## FACTS

Allen is the half-sister of Candice Ervin, and Ervin has a child named TW. TW disclosed to Ervin that Allen had sexually assaulted her on several occasions when she was between five and eight years old. Based on TW's allegations, the State charged Allen with two counts of first

degree child rape and two counts of first degree child molestation. During the charging period, Allen was 14 to 18 years old.

At trial, TW testified in detail about four incidents during which Allen sexually assaulted her. Two of the incidents related to the child rape charges and two related to the child molestation charges. Allen testified and denied the allegations, and she also presented testimony that suggested that the incidents could not have occurred without somebody noticing.

Before trial, the trial court had granted Allen's motion in limine to exclude evidence of her sexual orientation. During her trial testimony, TW stated that nothing happened with Allen after she was 8 years old. The State asked why the assaults stopped, and TW answered, "Because she got a girlfriend." 2 Report of Proceedings (RP) at 190. Allen objected, and the court sustained the objection and instructed the jury to disregard the answer.

Allen then moved for a mistrial, arguing that the jury likely would not disregard TW's statement and could use it to infer that Allen was more likely to have committed the offense if she had a sexual interest in females. The trial court denied the motion.

The jury found Allen not guilty of two counts of first degree child rape but guilty of two counts of first degree child molestation. And the jury found by special verdict that she "use[d] her position of trust, confidence, or fiduciary responsibility to facilitate the commission of the crime." Clerk's Papers at 217, 219.

Allen's standard sentencing range was 67-89 months. If she had been tried as a juvenile, her standard range would have been 30-40 weeks. Allen requested an exceptional sentence downward of 24 months. The State recommended an 89-month sentence. The court imposed a sentence at the low end of the standard range, ruling:

> And I appreciate that you were young at the time. I'm not going to give an exceptional sentence downward. I don't think that's appropriate. You were young but also the jury found an aggravating factor there, and I need to consider that as well, because that's what the Legislature talks about in terms of the jury findings.

5 RP at 578. The court did not expressly consider the role that Allen's youth played in her offenses.

Allen appeals her convictions and her sentence.

## ANALYSIS

### A. MISTRIAL MOTION

Allen argues that the trial court erred in denying her motion for a mistrial based on TW's statement that the abuse stopped because Allen got a girlfriend. We hold that the trial court did not abuse its discretion in finding that TW's statement was not a serious irregularity requiring a new trial.

#### 1. Legal Principles

We review a trial court's denial of a mistrial motion for an abuse of discretion. *State v. Emery*, 174 Wn.2d 741, 765, 278 P.3d 653 (2012). A trial court's denial of a mistrial is an abuse of discretion only when no reasonable judge would have reached the same conclusion. *Id.*

"A trial court's denial of a mistrial motion will be overturned only when there is a substantial likelihood that the error affected the jury's verdict." *State v. Garcia*, 177 Wn. App. 769, 776, 313 P.3d 422 (2013). The determinative issue is whether the defendant has been so prejudiced that a new trial is required to treat the defendant fairly. *Emery*, 174 Wn.2d at 765.

In evaluating whether a trial irregularity warrants a mistrial, we consider three factors: (1) the seriousness of the irregularity, (2) whether the irregularity involved cumulative evidence, and (3) whether the trial court properly instructed the jury to disregard the evidence. *Id.* We take a

balancing approach in assessing the factors, which are designed to determine whether there is a substantial likelihood that the irregularity affected the jury's verdict. *Garcia*, 177 Wn. App. at 783. And these factors are considered with deference to the trial court because the trial court is in the best position to discern prejudice. *Id.* at 776-77.

2. Analysis

Allen states that TW's testimony identified Allen as a person who had a sexual interest in females and argues that a significant number of people continue to be biased against such people. As a result, Allen claims that TW's reference to her sexual orientation prejudiced her and denied her a fair trial.

The trial court concluded that TW's statement was not a serious irregularity that warranted a mistrial, which is the first factor of a mistrial analysis. We agree. TW's statement was brief and only vaguely referenced Allen's sexual orientation. And the issue of Allen's sexual orientation was never mentioned again. Further, the fact that the jury acquitted Allen of the two most serious charges indicates that this statement did not taint the fairness of the trial.

In addition, the third mistrial factor supports the trial court's decision. The court immediately instructed the jury to disregard TW's statement. And we presume that the jury followed the instruction and considered only the evidence that was properly before it. *State v. Perez-Valdez*, 172 Wn.2d 808, 818-19, 265 P.3d 853 (2011).

The standard of review for the denial of a mistrial motion is abuse of discretion. *Emery*, 174 Wn.2d at 765. We hold that the trial court acted within its discretion in denying Allen's motion for a mistrial.

B.     FAILURE TO CONSIDER MITIGATING FACTORS OF YOUTH AT SENTENCING

Allen argues that the trial court erred in not meaningfully considering the mitigating

factors of her youth before imposing her sentence.  We agree.[1]

1.    Legal Principles

In *State v. Houston-Sconiers*, the Supreme Court held that the Eighth Amendment to the

United States Constitution requires the trial court to consider a juvenile defendant's youth in

sentencing, even for statutorily mandated sentences.  188 Wn.2d 1, 8-9, 18-20, 391 P.3d 409

(2017).  The court stated, "Trial courts must consider mitigating qualities of youth at sentencing

and must have discretion to impose any sentence below the otherwise applicable SRA[2] range

and/or sentence enhancements."  *Id.* at 21.

Relying on *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012),

the court in *Houston-Sconiers* provided guidance to trial courts on how to exercise their

discretion in the sentencing of juveniles in adult court.  188 Wn.2d at 23.  The court emphasized

that the sentencing court *must consider* the following factors:

1.  "[M]itigating circumstances related to the defendant's youth – including age and its

'hallmark features,' such as the juvenile's 'immaturity, impetuosity, and failure to appreciate

risks and consequences.' "  *Id.* (quoting *Miller*, 567 U.S. at 477).

---

[1] Generally, a sentence within the standard sentence range for an offense may not be appealed.
RCW 9.94A.585(1).  However, a defendant may appeal the process by which a trial court
imposed a sentence.  *State v. Knight*, 176 Wn. App. 936, 957, 309 P.3d 776 (2013).  Therefore, a
party may challenge "the underlying legal conclusions and determinations by which a court
comes to apply a particular sentencing provision."  *State v. Ramos*, 187 Wn.2d 420, 433, 387
P.3d 650 (2017).

[2] Sentencing Reform Act of 1981, ch. 9.94A RCW.

2. "[F]actors like the nature of the juvenile's surrounding environment and family circumstances, the extent of the juvenile's participation in the crime, and 'the way familial and peer pressures may have affected him' [or her]." *Houston-Sconiers*, 188 Wn.2d at 23 (quoting *Miller*, 567 U.S. at 477).

3. "[H]ow youth impacted any legal defense, along with any factors suggesting that the child might be successfully rehabilitated." *Houston-Sconiers*, 188 Wn.2d at 23.

The Supreme Court subsequently characterized the mandatory consideration of youthful qualities ordered in *Houston-Sconiers* as follows:

> We also recognized that the court must consider the mitigating circumstances related to the defendant's youth, including, but not limited to, the juvenile's immaturity, impetuosity, and failure to appreciate risks and consequences – the nature of the juvenile's surrounding environment and family circumstances, the extent of the juvenile's participation in the crime, the way familial and peer pressures may have affected him or her, how youth impacted any legal defense, and any factors suggesting that the juvenile might be successfully rehabilitated.

*State v. Gilbert*, 193 Wn.2d 169, 176, 438 P.3d 133 (2019).[3]

2. Analysis

At sentencing, the State conceded that Allen was a juvenile at the time that she committed the offenses giving rise to her convictions. The State referenced *Houston-Sconiers*

---

[3] Allen argues that she was entitled to a *Miller* hearing. However, *Miller* involved a juvenile sentenced to incarceration for life without the possibility of parole. 567 U.S. at 465. A "*Miller* hearing" refers to the resentencing of a juvenile sentenced to life in prison without the possibility of release or its equivalent. *See State v. Delbosque*, 195 Wn.2d 106, 112, 456 P.3d 806 (2020); *State v. Ramos*, 187 Wn.2d 420, 428-29, 387 P.3d 650 (2017). In other situations, *Houston-Sconiers* addresses what the trial court must consider at sentencing.

but argued that the case did not apply in part because Allen's offenses occurred over a period of time and not on one day. Defense counsel only briefly mentioned *Houston-Sconiers* for the proposition that the court was not required to impose a standard range sentence. Neither party emphasized that the trial court was required under *Houston-Sconiers* to consider the mitigating factors of Allen's youth.

Further, the trial court did not acknowledge the *Houston-Sconiers* requirements. The only reference the court made to Allen's youth was a statement that "I appreciate that you were young at the time." 5 RP at 578. The court did not state that it had considered the mitigating factors of Allen's youth. In fact, the court implied that it could not impose an exceptional sentence downward because the jury had found an aggravating factor that would have supported an exceptional sentence upward. But the court in *Houston-Sconiers* expressly stated that trial courts must consider mitigating qualities of youth when sentencing juveniles and had discretion to impose a sentence "below the otherwise applicable SRA range and/or sentence enhancements." 188 Wn.2d at 21.

The record shows that the trial court did not meaningfully consider how Allen's youth at the time of the offenses may have affected her culpability. Accordingly, we must remand for resentencing, where the trial court must fully consider the *Houston-Sconiers* mandatory factors.[4]

---

[4] Allen also argues that article I, section 14 of the Washington Constitution also requires trial courts to consider the mitigating factors of youth when sentencing juvenile offenders. In light of our holding, we do not address this issue.

CONCLUSION

We affirm Allen's two convictions of first degree child molestation, but we remand for a new sentencing hearing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____

MAXA, J.


We concur:

_____
SUTTON, A.C.J.

_____
GLASGOW, J.